[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
This appeal comes to us from the Sandusky County Court of Common Pleas. There, appellant was convicted and sentenced on a charge of receiving stolen property. Because we conclude that the conviction was supported by the evidence and the trial court properly denied a motion for acquittal, we affirm.
On September 25, 1998, appellant, Nettie Lee Brown, was charged with receiving stolen property, in violation of R.C.2913.51(A). The charge stemmed from incidents involving the possession of another woman's check book and driver's license and an attempt to obtain cash or merchandise by forging checks. Appellant pled not guilty and a jury trial was held.
At trial, Nicole Sours, an acquaintance of appellant, testified. Sours stated that sometime between midnight and 2:00 a.m. on September 16, 1998 she arrived at a party at appellant's home. Another young woman, Amy Hurt, arrived some time later and took her purse, sunglasses and car keys into the bedroom. Sours, appellant, and several other people were also in the bedroom at this time. Approximately forty-five minutes later, Amy left the bedroom without her purse, keys, or sunglasses.
Around 2:00 a.m., appellant asked Sours to go to the local K-Mart with her to pick up groceries and cigarettes. The two left the home in Amy Hurt's car, with appellant driving.[1] According to Sours, on the way to the store, appellant handed her Hurt's checkbook and driver's license and asked if she would try to cash a check under Hurt's name. Since appellant was going to pay her to do it, Sours agreed and the two entered the K-Mart store. Appellant picked out some jewelry and cigarettes and Sours wrote out a check for $304.79, signed it as "Amy Hurt," and gave it to the cashier. According to Sours, the manager then told them the check would not clear due to insufficient funds in the account. Sours put the check in her pocket, took the checkbook and driver's license, and left the store with appellant.
Sours then suggested they try to cash a check for money at the Kroger Store. It was now about 3:00 a.m. Appellant parked the car in the Kroger parking lot, which was virtually empty. Sours went in first, followed shortly thereafter by appellant. Sours went to a check-out register and asked to cash a check. However, the cashier looked at the driver's license ID and stated, "This isn't you." Sours insisted that it was, and appellant walked by and called out, "Hi, Amy!" When the cashier continued to reject Sours as the person on the ID, appellant went up to the register and said, "Yeah, that's her." The cashier, who knew the real Amy Hurt, refused to cash the check. Sours then left the check and ID and walked out of the store.
Responding to the cashier's telephone call, the police arrived within a few minutes. They apprehended Sours in the parking lot next to the car. Meanwhile, appellant had remained in the store and purchased some cigarettes. When she left out of the store, she began to walk over to the car where Sours and the police were. However, thinking that she was merely a passerby, the police told appellant to move along. Sours did not say anything about appellant's involvement in the scheme until she was later questioned at the police station. According to Sours, she first told police that she had been waiting for "Amy" to come back to the car. Later she changed her story, implicating appellant and admitting that Hurt was never with them.
The Kroger cashier also testified and corroborated much of Sours' testimony as to the incidents in the Kroger store. The only evidence presented regarding the attempt to cash the check at K-Mart was the completed uncashed check which was found in Sours' pocket and Sours' testimony. Sours at first said that Hurt had filled out the check and given it to her, but later recanted this story and revealed the K-Mart events and appellant's participation.
Two police officers testified that they found the checkbook under the passenger side front seat of Hurt's car which was parked in the Kroger lot. The officers were unable to confirm whether Hurt had reported her checkbook as stolen. However, within a few days after the check cashing incidents, Hurt had reported that her car was stolen. The officers also corroborated that, at the police station, Sours had told them about appellant's involvement.
At the close of the state's case, appellant moved for acquittal on the basis of insufficient evidence that the checkbook was stolen. The trial court denied the motion. Appellant was found guilty of receiving stolen property and sentenced.
Appellant now appeals that conviction, setting forth the following two assignments of error:
 "A. IT IS PLAIN ERROR, AND A DENIAL OF DUE PROCESS, FOR A TRIAL COURT TO ALLOW A JURY TO INFER AN ESSENTIAL ELEMENT OF A CRIME WHERE THE EVIDENCE PRESENTED IS INSUFFICIENT TO PROVE THIS ELEMENT BEYOND A REASONABLE DOUBT.
 "B. IT IS PLAIN ERROR AND A DENIAL OF DUE PROCESS, FOR A TRIAL COURT TO FAIL TO GRANT A MOTION FOR ACQUITTAL WHEN THE PROSECUTION HAS FAILED TO PROVE AN ESSENTIAL ELEMENT OF ITS CHARGE BEYOND A REASONABLE DOUBT."
 I.
Appellant, in her first assignment of error, argues that the conviction was unsupported by sufficient evidence of all essential elements of the crime of receiving stolen property.[2] Appellant argues that the trial court improperly permitted the jury to infer one of the elements,i.e., that the checkbook was stolen.
"Sufficiency" applies to a question of law as to whether the evidence is legally adequate to support a jury verdict as to all elements of a crime. Id. Upon review of the sufficiency of the evidence to support a criminal conviction, an appellate court must examine
 "the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
R.C. 2913.51(A) provides that:
 "No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft."
Evidence presented as to the elements of a crime may be direct or circumstantial. State v. Jenks, supra at (1991), 61 Ohio St.3d 259, paragraph one of the syllabus. Inferences may be drawn from circumstantial evidence so long as one inference is not drawn wholly from another inference. State v. Jacks (1989), 63 Ohio App.3d 200,206; State v. Miller (Mar. 19, 1999), Erie App. No. E-96-086, unreported, citing to Motorists Mut. Ins. Co. v.Hamilton Twp. Trustees (1986), 28 Ohio St.3d 13, 16. Thus, inferences are permitted to prove essential elements of a crime. See State v. Gunn (Nov. 12, 1998), Cuyahoga App. No. 73730, unreported; State v. Beavers (Oct. 29, 1998), Cuyahoga App. Nos. 73569 and 73570, unreported.
In the present case, testimony was presented that appellant was in possession of Hurt's checkbook and driver's license and asked Sours to forge a check using these items. Moreover, appellant tried to convince the store cashier that Sours was the person on the ID and the owner of the checkbook. While other explanations may be possible, the most reasonable inference from these facts is that appellant either stole the checkbook and ID, or knew or had reasonable cause to believe, that these items were stolen. Therefore, after viewing the evidence in a light most favorable to the prosecution, sufficient evidence was presented from which any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
Accordingly, appellant's first assignment of error is not well-taken.
 II.
Appellant, in her second assignment of error, contends that the trial court erred in denying her motion for acquittal based upon insufficient evidence presented as to all the elements of the crime charged.
A trial court will not grant a motion for acquittal pursuant to Crim.R. 29(A) if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt. State v.Bridgeman (1978), 55 Ohio St.2d 261, syllabus.
As previously determined, the state presented some evidence as to each element of the crime of receiving stolen property, including facts which could lead to the inference that the checkbook was stolen. Therefore, the trial court properly denied appellant's motion for acquittal since evidence was presented from which reasonable minds could reach different conclusions as to whether each material element of the crime was proved beyond a reasonable doubt.
Accordingly, appellant's second assignment of error is not well-taken.
The judgment of the Sandusky County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 __________________________________________ MELVIN L. RESNICK, J., JUDGE.
 __________________________________________ JAMES R. SHERCK, J., JUDGE.
 __________________________________________ MARK L. PIETRYKOWSKI, J., JUDGE CONCUR.
[1] Sours claimed at trial that she did not know this was Hurt's car until after the police later arrested her in the Kroger parking lot.
[2] Although appellant has couched both assignments of error in terms of "plain error," this is not the correct standard of review. "Plain error" applies to those errors which were not called to the attention of the trial court and, but for such errors, the outcome of the trial would have been different. In this case, appellant's trial counsel did move for acquittal on the basis of sufficiency and the judge included an appropriate jury instruction as to inferences. For each assignment we have indicated the correct standard of review.